Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESSICA HAVERTY, an individual, | Case No.: |
| Plaintiff | **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |
| v. | |
| COMMONWEALTH FINANCIAL SYSTEMS, INC.; and DOES 1 through 10 inclusive, | |
| Defendants. | |

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer against Defendants for invasion of privacy and for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff JESSICA HAVERTY is a natural person residing in the state of California, County of San Joaquin.

4. Defendant COMMONWEALTH FINANCIAL SYSTEMS INC. ("CFSI") is a Pennsylvania corporation doing business of collecting debts in California operating from an address at 245 Main Street, Dickson City, PA 18519.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a

"debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. At a time unknown, CFSI acquired information regarding an alleged student loan (the "Debt") that Plaintiff had incurred.

13. In or around August 2010, CFSI began calling Plaintiff in an attempt to collect the Debt.

14. CFSI called with such frequency and persistence as to constitute harassment.

15. CFSI called Plaintiff nearly every day.

16. On more than one occasion, CFSI called Plaintiff more than once on a single day.

17. In many of the calls CFSI's collector was rude, abrasive and harassing.

18. A representative from CFSI who identified herself as Kate Michaels told Plaintiff that Plaintiff "doesn't know anything" or words to that effect.

19. Ms. Michaels would call from a blocked line and refuse to identify the company that she worked for yet demand payment.

20. Plaintiff requested Ms. Michaels to identify the company she worked for yet Ms. Michaels refused and would only identify the original creditor of the Debt.

21. Plaintiff also requested a written statement from Ms. Michaels' company and Ms. Michaels also refused to provide this.

22. Ms. Michaels called Plaintiff on both her cell phone and business line.

23. The calls to Plaintiff's business phone interfered with her ability to perform at work.

24. Plaintiff repeatedly requested that CFSI stop calling her.

25. Plaintiff's requests were ignored and CFSI continued to call.

26. Plaintiff never received any written correspondence from CFSI pursuant to 15 U.S.C. §1692g.

27. Ms. Michaels told Plaintiff to "get a real freaking job" or words to that effect and then hung up the phone on Plaintiff.

28. Ms. Michaels told Plaintiff that she "would not stop calling" or words to that effect.

29. On more than one occasion, Plaintiff told CFSI that she was represented by an attorney and requested to give it to representatives.

30. One representative at CFSI stated that he did not want Plaintiff's attorney's contact information and then hung up the phone.

31. Plaintiff also attempted to give a supervisor at CFSI her attorney's contact information and the supervisor stated that he "wanted nothing to do with [her] attorney" or words to that effect and hung up the phone.

32. Plaintiff was forced to contact the original creditor and conduct her own investigation into which company was calling her to collect the Debt.

33. As a result of the acts alleged above, Plaintiff suffered emotional distress, tension, headaches, migraines, nervousness, worry, unhappiness, loss of sleep, crying, loss of interest in work, inability to concentrate, irritability, shortness of breath, and elevated blood pressure.

34. CFSI's conduct forced Plaintiff to take medication and use her inhaler on a more frequent basis.

35. The acts complained of above are part of a pattern and practice of harassment by CFSI.

//

## V.  FIRST CLAIM FOR RELIEF

### (Against all Defendants for Violation of the FDCPA)

36. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

37. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a) The Defendants violated 15 U.S.C. § 1692b(6) by communicating with a person other than the Plaintiff's attorney after the Defendants had knowledge that Plaintiff had an attorney and could readily ascertain attorney's name and address;

(b) The Defendants violated 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff after the Defendants had knowledge that Plaintiff had an attorney and could readily ascertain attorney's name and address;

(c) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

(d) The Defendants violated 15 U.S.C. § 1692d(2) by using profane language and/or other abusive language;

(e) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

(f) The Defendants violated 15 U.S.C. § 1692d(6) by placing telephone calls without disclosing his/her identity;

(g) The Defendants violated 15 U.S.C. § 1692e(11) by failing to indicate that all communications were from a debt collector;

(h) The Defendants violated 15 U.S.C. § 1692e(11) by failing to include in the first communication the following warning: "This is an attempt

to collect a debt and any information obtained will be used for that purpose;"

(i) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

(j) The Defendants violated 15 U.S.C. § 1692g(a) by failing to send the Plaintiff a validation notice within five days of the initial communication.

38. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

**(Against all Defendants for Violation of the Rosenthal Act)**

39. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

40. Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) The Defendants violated California Civil Code §1788.11(b) by placing telephone calls without disclosure of the caller's identity;

(b) The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

(c) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

(d) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above; and

(e) The Defendants violated California Civil Code §1812.700 by failing to include the notice required by this section.

41. Defendants' acts as described above were done intentionally with the purpose of

1 coercing Plaintiff to pay the alleged debt.

2     42.    As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

    43.    Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII.   THIRD CLAIM FOR RELIEF
### (Against all Defendants for Invasion of Privacy:
### Intrusion Into Private Affairs)

    44.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

    45.    Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

    46.    Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

    47.    Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

    48.    As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

    49.    Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

//
//
//
//
//
//
//
//

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a)  Actual damages;

    (b)  Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

    (c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

    (d)  For punitive damages; and

    (e)  For such other and further relief as the Court may deem just and proper.

Date: 9/16/2010

        /s/ Jeremy S. Golden    .
        Jeremy S. Golden,
        Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: 9/16/2010

        /s/ Jeremy S. Golden    .
        Jeremy S. Golden,
        Attorney for Plaintiff